**In re Johnny Mack COURSON and Rose Ann Courson, Debtors.**

**Bankruptcy No. 97–33391.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Oct. 22, 1999.

David Long, Tyler, TX, Chapter 12 Trustee.

Steve Turner, Austin, TX, for Farm Credit Bank.

James W. Litzler, Sulphur Springs, TX, for NE TX Farmers' Co-op.

Charles A. Newton, Newton & Newton, P.C., Dallas, TX, for Debtors.

## OPINION

DONALD R. SHARP, Chief Judge.

Now before the Court for consideration is the Amended Motion for Relief From Order Pursuant To Rule 60(b) Federal Rules of Civil Procedure filed by Farm Credit Bank of Texas (the "Bank"). This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

The Debtors filed a voluntary petition for relief under Chapter 12 of Title 11 and promptly confirmed a Plan of Reorganization. Pursuant to the Order Confirming Debtor's Chapter 12 Plan of Reorganization, the Chapter 12 Trustee was required to pay Farm Credit Bank of Texas and the other creditors holding secured claims pro rata. Farm Credit Bank of Texas asserts Sabine River Federal Land Bank's ("Sabine") interest in the matter. Sabine was provided notices of the filing, the 341, a copy of the Plan and notice of the hearings on the Plan. Farm Credit Bank of Texas's counsel filed a secured proof of claim in the amount of $30,187.23 and Notice of Appearance one day after the notice of the continued hearing on the Plan was served. Although Farm Credit Bank was not served such notice, Sabine was served with that notice. Neither Sabine nor Farm Credit Bank of Texas filed an objection to the Plan and neither appeared at the confirmation hearing. Farm Credit Bank of Texas does not contend that it did not receive notice of the December 10, 1997 confirmation hearing, nor does it contend that it did not receive notice of the Order of Confirmation entered on such date. On November 24, 1998, almost one year post-confirmation, Farm Credit Bank of Texas filed its Motion For Relief From Order Pursuant To Rule 60(b) Federal Rules of Civil Procedure, as amended thereafter on December 1, 1998. The Amended Motion complains that the Plan and order confirming the Plan "are deceptive at the very least." The Amended Motion avers that it is timely because a motion under Rule 60(b) of the Federal Rules of Civil Procedure must be filed within one year after the order complained of was entered or taken. The Amended Motion came on for consideration pursuant to regular setting and was taken under advisement following the time permitted for filing briefs.

## DISCUSSION

Fed.R.Civ.Pro. 60(b) states that the Court may relieve a party from a judgment, after notice and hearing, "upon such terms as are just" for reasons of (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for new trial under Rule 59(b); ... (6) or any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1)(2) and for (3) fraud ... not more than one year after the judgment, order, or proceeding was entered or taken.

Bankruptcy Rule 9024 limits the applicability of Rule 60 F.R.Civ.P.: "Rule 60 F.R.Civ.P. applies in cases under the Code except that ... (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230 or § 1330. F.R.Bankr.P. 9024. 11 U.S.C. § 1230, which applies in this case, is specific:" (a) "On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under 1225 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud." Fraud is the only ground upon which the Code permits revocation of an order confirming a plan under Chapter 12 and, even for so serious an infraction, revocation is an option for but

the limited period of 180 days. Congress is reluctant to undermine the finality of a confirmation order, for to revoke a confirmation order is a measure that upsets the legitimate expectations of both debtors and creditors. *In re Fesq,* 153 F.3d 113 (3rd Cir.1998) *cert. denied* 526 U.S. 1018, 119 S.Ct. 1253, 143 L.Ed.2d 350 (1999). No fraud has been alleged in the case at bar. The basis of Farm Credit Bank of Texas' (the "Bank") Complaint is that although the Plan dictates pro rata payments for a term of sixty (60) months and "the Plan states that the Bank shall receive 'pro rata' monthly payments of $631.20, the shortened amortization for [other secured creditors] causes insufficient funds (out of the monthly payments to the Trustee) to pay the Bank until month 43 of the Plan." *See* Amended Motion at Paragraphs 4 and 5. Farm Credit Bank of Texas is not receiving payments of $631.20 per month, however, at the end of the confirmed Plan's term it will have received its claim in full. The problem, which was presented to the Court as one of feasibility, is in fact a complaint over lack of adequate protection. The time to have made such a complaint expired upon the Order of Confirmation becoming final and non-appealable.

■ Farm Credit Bank of Texas offers no evidence of fraud for purposes of complaint pursuant to § 1230 and no evidence of mistake, inadvertence, surprise, excusable neglect or newly discovered evidence for purposes of Rule 60(b) pursuant to which it plead. Failure to understand a Plan of Confirmation and legally protect one's interests in connection with confirmation by a creditor who received proper notice throughout the case does not constitute fraud, especially when the creditor routinely appears in bankruptcy cases and is capable of understanding a plan of reorganization as well as the binding effect of confirmation. It does not rise to the level of fraud even if the plan is, as Farm Credit Bank opines, "confusing at best, deceptive at worst." The time for Farm Credit Bank of Texas to have made its objection to the feasibility or terms of the Plan has passed. Under 11 U.S.C. § 1227, "Except

as provided in section 1228(a) of this title, the provisions of a confirmed plan bind the debtor, each creditor, each equity security holder, and each general partner in the debtor, whether or not the claim of such creditor, such equity security holder, or such general partner in the debtor is provided for by the plan, and whether or not such creditor, such equity security holder, or such general partner in the debtor has objected to, has accepted, or has rejected the plan."

## CONCLUSION

Farm Credit Bank of Texas has demonstrated no sound legal basis upon which this Court could justify overturning the Order of Confirmation twelve months into the term of the plan. Therefore, its motion must be denied. In addition, Debtor's counsel's oral motion for fees in connection with the Amended Motion For Relief From Order Pursuant to Rule 60(b) must be denied without prejudice to reurging in a properly noticed fee application. To allow such fees would constitute an unauthorized modification of the confirmed Plan. An order will be entered accordingly.